**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FINANCIERA UNION DEL SUR<br><br>*Plaintiff*<br><br>v.<br><br>NEXT BANK INTERNATIONAL, INC., NEXT PLAY TECHNOLOGIES INC.; J. TODD BONNER<br><br>*Defendants* | CIVIL NO. 24-01287<br><br>BREACH OF CONTRACT |

# **COMPLAINT**

Financiera Unión del Sur ("FUS" or "Plaintiff"), through its undersigned attorneys, submits this Complaint for breach of contract against Next Bank International, Inc. ("NextBank" or "the Bank") and against Mr. Todd Bonner, as guarantor of the obligations of the Bank with FUS.

## **SUMMARY OF THE ACTION**

This is a breach of contract action against NextBank in connection with the *Depository Account and Banking Services Agreement* ("Agreement") entered into by the parties. NextBank failed to close FUS's commercial account and transfer the funds previously deposited in its account, amounting to US$1,111,044.16. FUS is entitled to the specific performance of the Agreement, plus any applicable interests and attorneys' fees. In addition, the Bank's Chairman of the Board of Directors, Mr. J. Todd Bonner ("Mr. Bonner"), issued a personal guarantee guaranteeing the obligations of the Bank to FUS. Furthermore, the Bank is a subsidiary of Next Play Technologies Inc. ("NextPlay"), which failed to follow the formalities and requirements to keep the Bank as a separate corporate entity and, therefore, the Bank is an alter-ego of NextPlay

and NextPlay is liable for the obligations of the Bank to the Plaintiff.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). There is complete diversity among the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

2. Plaintiff is a resident of Belize City, Belize, and does not conduct business in or maintain operations in this District.

3. Defendant NextBank is a domestic corporation registered in the Puerto Rico Corporations Registry, with registration number 401244, with offices in San Juan, Puerto Rico. This Court has jurisdiction over NextBank as it is a corporation that conducts business in and maintains operations in this District.

4. Defendant NextPlay is a corporation organized under the laws of the State of Nevada, with its principal office located in Sunrise, Florida.

5. Defendant Mr. Bonner is a U.S. Citizen with residence in Bangkok City, Thailand.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because (i) NextBank maintains executive offices in this District; (ii) a substantial portion of the transactions and wrongs complained herein occurred in this District; (ii) and Defendant has received substantial compensation in this District by doing business here and engaging in numerous activities that have an effect in this District.

## THE PARTIES

7. Plaintiff FUS is a company incorporated under the laws of Belize. Plaintiff's principal place of business is in Belize City, with its principal office located at 123 Barrack Road, Belize City, Belize.

8. Defendant NextBank is an international banking entity under Puerto Rico Law No. 52, of August 11, 1989, as amended, also known as the *International Banking Center Act* ("Act No. 52"). NextBank's principal office is located at 268 Ponce de León Ave., Suite 1012, San Juan, Puerto Rico 00918. The address of its resident agent is 252 Ponce de León Ave., 11th Floor, Suite 1100, San Juan, Puerto Rico 00918.

9. Defendant Mr. Bonner is the Chairman of the Board of NextBank and he is a U.S. citizen with residence in Bangkok City, Thailand. He is also the Chairman of Defendant NextPlay.

10. Defendant NextPlay is a corporation organized under the laws of the State of Nevada, with its principal office located at 1560 Sawgrass Corporate Parkway, Suite 130, Sunrise, Florida. NextPlay is a public company registered in the United States with the Securities and Exchange Commission ("SEC") and traded in The NASDAQ Stock Market LLC (NASDAQ:NXTP). NextPlay is the sole shareholder of Next Bank.

**STATEMENT OF FACTS**

11. On August 29, 2023, FUS opened Commercial Account No. XXXXXX0133 (the "Account") with NextBank to facilitate the FUS' financial operations in compliance with international business standards.[1]

12. Per the terms of the Account Agreement ("Agreement") between FUS and NextBank, the account holder may request the Bank to close the deposit account.

13. The Agreement also authorizes the Bank to effectuate the transfer of funds designated by the account holder to its designated beneficiary.

14. On February 24, 2024, FUS initiated a request to transfer US$600,000 from the Account. NextBank did not make this transfer.

[1] Financial account numbers in this Complaint and its Exhibits have been redacted in compliance with Federal Rule of Civil Procedure 5.2(a)(4).

15. On several occasions, FUS followed up on its request to NextBank to no avail and later requested to close the account.

16. On March 11, 2024, Mr. Bonner wrote to Mr. Hernán Peñafiel ("Mr. Peñafiel"), President of FUS, because the requested transfer had not been made. In said letter to Mr. Peñafiel, Mr. Bonner declared: "Furthermore, I provide a 100% guarantee for these deposits, backed by the assets of both my companies and mine, ensuring your protection in any situation." In doing this, Mr. Bonner unequivocally provided FUS a personal guaranty (the "Personal Guarantee") and a guaranty by NextPlay as one of his companies, of which he is the Chairman as well (the "Corporate Guarantee"), to guarantee the obligations of NextBank to FUS. **Exhibit No. 1**.

17. On March 11, 2024, Mr. Bonner, as representative of NextBank, also wrote to Mr. Peñafiel, stating that "NextBank International Inc. ("NextBank") is fully committed to processing the transaction to your account on or before Tuesday, March 25th, 2024. We understand the urgency of this matter, and we are taking all necessary measures to expedite the process. Additionally, we recognize the impact of this delay on your financial plans, and as a gesture of goodwill, we will be compensating you for the inconvenience by paying penalty fees in the form of a 20% Annual Percentage Yield (APY) on the affected amount." Therefore, NextBank admitted its failure to comply with FUS' requests and that such failure has impacted FUS' financial plans. **Exhibit No. 2.**

18. To date, NextBank has not closed the Account or otherwise completed the funds transfer.

19. The only person representing NextBank was Mr. Bonner. The Bank's officers were never available and appear to have resigned from their positions, and have not been substituted by NextPlay.

20. NextBank breached its contractual obligations under the Agreement by failing to close the Account and transfer the funds as requested.

21. On information and belief, NextBank failed to follow corporate formalities and acted as an alter-ego of NextPlay, its sole shareholder. NextBank was undercapitalized by NextPlay; NextPlay had extensive control over NextBank; the funds of the corporations were intermingled; the corporations had the same officers and directors, and only Mr. Bonner was exercising his functions, and there was no observance of corporate formalities.

## CLAIM FOR RELIEF

### *Breach of Contract*

22. FUS restates and incorporates the allegations contained in paragraphs 1 through 21.

23. NextBank and FUS entered into the Agreement for FUS to hold a depository account with NextBank.

24. NextBank failed to transfer US$600,000 in funds in the Account, as requested by FUS on February 24, 2024.

25. Pursuant to the Agreement, FUS commenced a formal account closure and transfer of funds (US$1,111,044.16) process of the Account.

26. FUS has requested NextBank on numerous occasions to transfer the funds (US$1,111,044.16) and close the Account to no avail, in contravention of the Agreement.

27. Consequently, NextBank breached its obligations under the Agreement.

28. Pursuant to the Agreement and Article 1255 of Puerto Rico's Civil Code, 31 P.R. Laws Ann. §9823, FUS requests the specific performance of the Agreement and demands that NextBank transfer the funds in the Account as requested.

29. A person is in default from the moment the creditor demands fulfillment of the

obligation, and the person does not comply. 31 P.R. Laws Ann. § 9311.

30. Additionally, FUS requests that the Court enter judgment against NextBank for NextBank's breach of its obligations, including any and all applicable interests, under Article 1169 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §9333.

31. Given NextBank's breach of contract and failure to comply with its obligations under the Agreement, Mr. Bonner is called to fulfill and satisfy such obligations given the personal guarantee he granted to FUS.

32. "The alter ego theory has been used to disregard corporate separateness in instances where a corporation is deemed a mere instrumentality or business conduit of another and is used as a subterfuge for wrongful conduct". *Cook, Stratton & Co. v. Universal Ins. Grp., Inc.*, 241 F.R.D. 411, 420 (D.P.R. 2007). The federal common law factors employed to determine whether to disregard a corporate entity include: "(1) undercapitalization; (2) nonpayment of dividends; (3) extensive or pervasive control by the shareholder or shareholders; (4) intermingling of the corporation's funds, properties or accounts; (5) a failure to observe corporate formalities; (6) siphoning of funds from the corporation; (7) an absence of corporate records; (8) non-functioning officers or directors". *Situ v. O'Neill*, 124 F. Supp. 3d 34, 50 (D.P.R. 2015).

33. Given NextBank's breach of contract and failure to comply with its obligations under the Agreement, NextPlay is called to fulfill and satisfy such obligations given the corporate guarantee granted to FUS on behalf of NextPlay. In the alternative, given that NextBank is the alter ego of NextPlay, as there is no corporate separation between both, NextPlay is called to fulfill and satisfy the obligations of the Bank.

## PRAYER FOR RELIEF

WHEREFORE, FUS respectfully requests that this Honorable Court enter a judgment

against NextBank, NextPlay, and Mr. Bonner, ordering:

a) NextBank to immediately close the Account and transfer the funds therein, amounting to US$1,111,044.16, according to FUS' instructions;

b) NextBank to pay FUS any and all applicable interests;

c) Mr. Bonner to fulfill and satisfy the obligations on NextBank pursuant to the Personal Guarantee he granted to FUS;

d) NextPlay to fulfill and satisfy the obligations on NextBank pursuant to the Corporate Guarantee granted to FUS;

e) NextPlay to fulfill and satisfy the obligations of NextBank as a result of the Bank being the alter ego of NextPlay;

f) NextBank, NextPlay, and Mr. Bonner to pay FUS the attorney's fees and costs incurred in pursuing the instant Complaint, and

g) any other relief that the Court may deem just and proper.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on June 25, 2024.

DLA PIPER

**DLA Piper (Puerto Rico) LLC**
500 Calle de la Tanca, Suite 401
San Juan, PR 00901-1969
Tel. 787-945-9106
Fax 939-697-6141

*/s/ Mariana Muñiz Lara*
Mariana Muñiz Lara
USDC-PR No. 231,706
mariana.muniz@us.dlapiper.com

*/s/ Yahaira De la Rosa Algarín*
Yahaira De la Rosa Algarín

USDC-PR No. 306,601
yahaira.delarosa@us.dlapiper.com